# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**GEORGE ROGERS,**

       **Plaintiff,**

vs.                                        No. CIV 00-0397 LCS-ACE

**BENJAMIN J. BOLDT, VISTA TITLE, INC.,**
**a New Mexico corporation, NORMAN**
**LOHSE and JEANETTE LOHSE,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** came before the Court on Defendants Boldt and Lohses' Memorandum in Support of Defense Raised in Answer for Failure to State a Cause of Action (Doc. 26), filed June 14, 2000, herein construed as a motion to dismiss, Defendant Vista Title Inc.'s Memorandum Brief in Support of Rule 12(b)(6) Defense Raised in Answer (Doc. 34), filed July 17, 2000, herein construed as a motion to dismiss, and Plaintiff's Motion to Amend Complaint (Doc. 28), filed July 3, 2000. The United States Magistrate Judge, presiding with consent and designation pursuant 28 U.S.C. § 636(c), has considered the pleadings, memoranda, arguments of counsel, relevant law, and being otherwise fully advised, finds that these Motions are well-taken in part and should be **GRANTED IN PART AND DENIED IN PART**.

**I.    Background.**

      Plaintiff, a resident of New Jersey, alleges that Defendant Boldt (Boldt), a southern New Mexico real estate developer, invited him to enter into a joint venture and form a limited liability

company to purchase, develop and subdivide property located in Dona Ana County, New Mexico. In December 1998, Plaintiff agreed to become a fifty percent participant in the joint venture. On January 12, 1999, Plaintiff and Boldt executed an Initial Investment Agreement for the purchase of a sixty-one acre parcel. The Initial Investment Agreement provided, *inter alia*, that the total purchase price for the parcel was $1,213,900.00, and that both Boldt and Plaintiff had agreed to purchase a fifty percent interest in the property. The settlement statement, prepared by Defendant Vista Title, Inc. (Vista), identified the seller as The Old Dairy Farm Trust (Dairy Trust). Plaintiff alleges that Vista acted as his settlement agent, concealed and misrepresented material facts regarding the two transactions, and approved and published documents containing material misrepresentations.

On January 15, 1999, Boldt and Plaintiff formed a limited liability company named Dos Lagos Homes, Phase I, LLC (LLC) and executed an Operating Agreement for the LLC. The Operating Agreement contained many of the same terms as the Initial Investment Agreement and also provided that its members (Boldt and Plaintiff) had first rights of refusal for the purchase of additional, identified parcels. In the operating agreement, Boldt and Plaintiff also agreed to develop the commercial property adjacent to these identified parcels and other property in the vicinity.

Plaintiff alleges that the Dairy Trust was formed and controlled by Boldt with the Lohses as trustees. On the same day that Plaintiff executed the Initial Investment Agreement, the Dairy Trust purchased the sixty-one acre parcel from the Gerrit de Graaf Family Partnership, Limited (de Graaf) for $390,000.00. Plaintiff alleges that Vista also handled the de Graaf-Dairy Trust closing. The closing documents included a promissory note from the Dairy Trust, as well as a mortgage and guaranty for $390,000.00 by Boldt to secure payment to de Graaf. Plaintiff alleges that the settlement statement prepared by Vista for the de Graaf-Dairy Trust closing stated that the total purchase price

was $390,000.00.

Plaintiff alleges that, at his closing, the documents prepared by Vista at the direction of Boldt, and approved by the Lohses, falsely represented that the purchase price for the property was $1,213,900.00 and that Boldt had paid the Lohses $763,900.00 as a down payment. Relying on these representations, Plaintiff paid $450,000.00 at closing and gave Boldt a promissory note for $156,950.00, which he has subsequently paid in full.

Plaintiff alleges that, since January 1999, Boldt has failed to keep him informed of the progress of the real estate development project in violation of the Operating Agreement. Plaintiff further alleges that Boldt has refused to speak with him since November 1999. In June 1999, Boldt acquired additional properties from de Graaf. Plaintiff contends that he was entitled to the first right of refusal and that Boldt intentionally concealed this transaction from Plaintiff in breach of his fiduciary duties. Plaintiff asserts that Boldt is presently under contract to purchase additional properties subject to his first right of refusal and has also wrongfully concealed this transaction from Plaintiff.

In his original complaint, Plaintiff alleges common law fraud, constructive fraud, negligent misrepresentation, breach of fiduciary duty, breach of contract, and state and federal securities fraud against Boldt. Plaintiff also brings claims against Vista for constructive fraud and negligent misrepresentation, and against the Lohses for negligent misrepresentation. Plaintiff seeks money damages for past and future injuries, reformation, and injunctive relief to preserve his right to options of neighboring properties. Vista has cross claimed against Boldt and the Lohses for indemnification, punitive damages, attorney fees, and costs.

## II.     Standard for Dismissal Under Federal Rule of Civil 12(b)(6).

Defendants have filed Memoranda in support of affirmative defenses, arguing that certain portions of the complaint should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6). These Memoranda are herein construed as motions to dismiss. A case should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1236 (10th Cir.1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir.1998).

### A.     Defendants Boldt and Lohses' Memorandum in Support of Defense Raised in Answer for Failure to State a Cause of Action.

Boldt and the Lohses argue that Plaintiff's claims do not support the remedy of reformation and that his application for reformation should be dismissed for failure to state a claim.[1] Under New Mexico law, a written contract "may be reformed if either (1) there has been a mutual mistake, or (2) a mistake by one party accompanied by fraud or other inequitable conduct by the other party."

---

[1] Defendants Boldt and Lohses state that they plan to challenge Plaintiff's claim under the New Mexico Securities Act of 1986, NMSA. § 58-13B-1, *et seq.,* on a motion for summary judgment, and not in their Memorandum in Support of Affirmative Defense Raised in Answer for failure to State a Cause of Action. Therefore, this argument is not addressed herein. However, Plaintiff alleges that Boldt committed fraud in connection with solicitation of the investment in violation of the Act. A claim for fraud must be pleaded with particularity under Rule 9 (b). As it now stands, Plaintiff's claim for state securities fraud does not comply with the requirements of Rule 9(b).

*Chromo Mountain Partnership v. Gonzales*, 101 N.M. 298, 299, 681 P. 2d 724, 725 (1984) (quoting *Kimberly, Inc. v. Hays*, 88 N.M. 140, 143-44, 537 P. 2d 1402, 1405-06 (1975)). The purpose of reformation is to give fruition to what the parties actually agreed. *See El Paso Natural Gas Co. v. Kysar Ins. Agency, Inc.*, 93 N.M. 732, 736, 605 P. 2d 240, 244 (Ct. App. 1979). Reformation is appropriate where two parties make an agreement and one of the parties fraudulently causes the contract to state a term varying from the parties earlier agreement. *See id.* "[I]f one party at the time of execution of a written instrument knows not only that the writing does not accurately express the intention of the other party as to the terms to be embodied therein, but knows what that intention is, the latter can have the writing reformed so that it will express that intention." *Chromo Mountain Partnership*, 101 N.M. at 299, 681 P. 2d at 725 (quoting RESTATEMENT OF CONTRACTS, § 505 (1932)). Reformation is also appropriate where a fraudulent misrepresentation as to a writing induced a party to manifest assent and that party was justified in relying on the misrepresentation. *See Chromo Mountain Partnership*, 101 N.M. at 299, 681 P. 2d at 725 (quoting RESTATEMENT (SECOND) OF CONTRACTS, § 166 (1979)). Where the written agreement does not reflect the actual agreement of the parties, reformation is appropriate. *See Harley v. Magnolia Petroleum Co.*, 378 Ill. 19, 28, 37 N.E. 2d 760, 765 (1941).

Plaintiff alleges that his "participation in the venture was supposed to be the contribution of one half of the purchase price as well as one half of all expenses incurred in the development." (Compl. ¶ 9.) Plaintiff further alleges that he "was persuaded by Boldt's sales pitch and agreed to become a 50% participant in the venture." (Compl. ¶ 10.) Plaintiff alleges that Boldt fraudulently misrepresented total purchase price of the property, thereby causing Plaintiff to contribute more than fifty percent of the total purchase price, which varied from the earlier, actual agreement to split the

5

purchase price equally. (Compl. ¶¶ 11, 16-23.) Plaintiff has alleged a mistake on his part, accompanied by fraud or other inequitable conduct by Boldt. Thus, contrary to the assertions of Defendants Boldt and Lohses, the equitable remedy of reformation is potentially available to Plaintiff.

Defendant Boldt and Lohses assert that Plaintiff failed to plead the prerequisites for equitable relief. I agree with them on this point. Reformation is an equitable remedy. *See Ballard v. Chavez*, 117 N.M. 1, 3, 686 P. 2d 646, 648 (1994). In order to state a claim for equitable relief, a plaintiff must allege both an inadequate remedy at law and a serious risk of irreparable harm if the equitable relief sought is not granted. *See Pulliam v. Allen*, 466 U.S. 522, 537 (1984). While Plaintiff alleges irreparable harm in connection with his requests for injunctive relief, (Comp. at ¶ 76), he has failed to allege an inadequate remedy at law or a serious risk of irreparable harm in connection with his request for reformation. Plaintiff offers additional allegations in support of his claim for equitable relief in his Response. (Pl. Resp. to Mem. Br. in Supp. of Defenses Raised in Defs. Boldt and Lohses' Ans. at 6.) It would be inappropriate to transpose these additional facts into the Complaint. I have not considered these additional facts in ruling on this Motion and express no opinion as to whether the Complaint would pass Rule 12(b)(6) muster if the additional facts had been included. Plaintiff failed to plead the elements required for equitable relief in his original Complaint. Therefore, Plaintiff's claims for equitable relief should be dismissed. Plaintiff shall be permitted twenty days in which to file an amended complaint containing the prerequisites for equitable relief.

Moreover, I have *sua sponte* reviewed the Complaint for compliance with Federal Rule of Civil Procedure 9(b), which provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). A complaint alleging

6

fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.,* 203 F. 3d 1202, 1236 (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F. 2d 176, 180 (10th Cir.1991).

In his original Complaint, Plaintiff fails to allege detailed statements of specific facts that would establish fraud. The elements of common-law fraud are (1) a misrepresentation of fact; (2) known by the maker to be false; (3) made with the intent to deceive and to induce the other party to act in reliance; and (4) actually relied on by the other party to his or her detriment. *See Lotspeich v. Golden Oil Co.*, 125 N.M. 365, 367 961 P. 2d 790, 792 (Ct. App. 1998). Plaintiff also alleges constructive fraud, as well as "state and federal securities" fraud.[2] The statements contained in the original Complaint in support of these claims are not alleged with sufficient particularity to satisfy the pleading requirements of Rule 9(b). Plaintiff's claims for fraud, constructive fraud, and "state and federal securities" fraud should be dismissed. At this early stage of the litigation, Plaintiff should be permitted an opportunity to amend his complaint to cure these deficiencies. However, counsel for Plaintiff is reminded that his amendments must conform with the requirements of Federal Rule of Civil Procedure 11.

Accordingly, Plaintiff is granted twenty days in which to file an amended complaint to allege the prerequisites for equitable relief and to comply with the requirements of Rules 9(b) and 11.

---

[2] Plaintiff does not specify the legal basis for his claim of federal securities fraud. If Plaintiff seeks bring his federal securities claim under 10(b) of the Securities Exchange Act of 1934, he must comply not only with the pleading requirements of Rule 9(b), but also with the Private Securities Litigation Reform Act of 1995 (PSLRA), Pub. L. No. 104-67, 109 Stat. 737 (codified at §§15 U.S.C. 77k, 77l, 77z-1, 77z-2, 78a, 78j-1, 78t, 78u, 78u-4, 78u-5). As it now stands, Plaintiff's federal securities claim fails to comply with Rule 9(b)or the PSLRA. If Plaintiff fails to re-allege his federal securities claim in his amended complaint in compliance with Rule 9(b) and the PSLRA, if applicable, this claim will be deemed abandoned.

Defendants Boldt and Lohses' Memorandum in Support of Defense Raised in Answer for Failure to State a Cause of Action, herein construed as a motion to dismiss, is otherwise denied.

### B. Defendant Vista's Memorandum Brief in Support of Rule 12(b)(6) Defense Raised in Answer.

Vista asserts that Plaintiff's first, fourth, fifth, sixth, and seventh claims for relief are directed toward Defendants Boldt and Lohses and should be dismissed as to Vista. Plaintiff concedes that these claims seek recovery only from Boldt and the Lohses. (Pl.'s Resp. to Vista's Mem. in Supp. of Rule 12(b)(6) Defenses at 3.) Therefore, Plaintiff's first, fourth, fifth, sixth, and seventh claims for relief shall be dismissed as to Vista.

Vista argues that Plaintiff's remaining claims against it, for constructive fraud and negligent misrepresentation, fail to state a claim because Vista owed Plaintiff no duty and Plaintiff has failed to allege that he justifiably relied on any act or omission of Vista. In order to establish a cause of action based on a claim of constructive fraud, Plaintiff must allege "a breach of a legal or equitable duty which the law declares fraudulent because of its tendency to deceive others." *Parker v. E.I. DuPont de Nemours, Inc.*, 121 N.M. 120, 132, 909 P. 2d 1, 13 (Ct. App. 1995) (quoting *Barber's Super Markets, Inc. v. Stryker*, 84 N.M. 181, 186, 500 P. 2d 1304, 1309 (Ct. App. 1972)). Vista contends that it owed no duty to Plaintiff. However, under New Mexico law, where a title company acts as an agent for both the buyer and the seller of real estate, a fiduciary relationship arises between the title company and parties to the transaction. *See Cano v. Lovato*, 105 N.M. 522, 534, 734 P. 2d 762, 774 (Ct. App. 1986) (citing *Barber's Super Markets, Inc. v. Stryker*, 84 N.M. 181, 500 P. 2d 1304 (Ct. App. 1972). Pursuant to this fiduciary relationship, the title company has a fiduciary duty to communicate to both to the buyer and the seller information that it acquired from its title search

that it knew could affect the outcome of the transaction. *See Ruiz v. Garcia*, 115 N.M. 269, 274, 850 P. 2d, 972, 977 (1993).

Plaintiff alleges that Vista acted as his settlement agent, reviewed the title to the property, and issued commitments for title insurance. Thus, under *Cano* and *Ruiz*, Vista owed a duty to Plaintiff to communicate information that it acquired from its title search that it knew could affect the outcome of the sale. While the facts and circumstances surrounding this duty are at issue, dismissal based upon lack of duty would not be appropriate at this time. However, as noted above, Plaintiff's allegations of constructive fraud are dismissed as insufficient to comply with the requirements of Rule 9(b). Accordingly, Plaintiff is granted twenty days in which to allege a claim for constructive fraud against Vista in conformity with the requirements of Rules 9(b) and 11.

Vista contends that Plaintiff's claim against it for negligent misrepresentation should be dismissed for failure to allege the element of justifiable reliance.[3] In New Mexico, "to recover under a claim of negligent misrepresentation, also referred to as negligence by words, the offending party must have breached a duty of disclosure owed to the injured party, the injured party must have had a right to rely on the misinformation, and it must have sustained damages." *Ruiz v. Garcia*, 115 N.M. at 274, 850 P. 2d at 977 (citing *Stotlar v. Hester*, 92 N.M. 26, 28, 582 P. 2d 403, 405 (Ct. App. 1978)). The law of negligent misrepresentation is governed by principles of negligence. *See R.A. Peck, Inc. v. Liberty Fed. Sav. Bank*, 108 N.M. 84, 88, 766 P. 2d 928, 932 (Ct. App. 1988). Plaintiff

---

[3] The elements of negligent misrepresentation are (1) a material misrepresentation of fact to plaintiff, (2) plaintiff relied upon such representation, (3) defendant knew the representation was false at the time it was made or made it recklessly, and (4) defendant intended to induce plaintiff to rely on such representation. *See* UJI-Civ. 13-1632; *Parker v. E.I. DuPont de Nemours, Inc.*, 121 N.M. 120, 132, 909 P. 2d 1, 13 (Ct. App. 1995); *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 106 N.M. 757, 761-62, 750 P. 2d 118, 122-23 (1988).

alleges, *inter alia*, that he reasonably relied on Vista's representations to his detriment. (Comp. ¶ 45.) Thus, accepting the allegations of the complaint as true, and viewing them in the light most favorable to Plaintiff, *see Sutton*, 173 F. 3d at 1236, Plaintiff has stated a claim against Vista for negligent misrepresentation.

In sum, Vista's Memorandum Brief in Support of Rule 12(b)(6) Defense Raised in Answer is well-taken in part. Plaintiff's first, fourth, fifth, sixth, and seventh claims for relief should be dismissed as to Vista. Plaintiff's claim for constructive fraud is dismissed pursuant to Rule 9(b). Plaintiff is granted twenty days in which to file an amended complaint to comply with the requirements of Rules 9(b) and 11. Defendant Vista's Memorandum, herein construed as a motion to dismiss, is otherwise denied.

### III.    Plaintiff's Motion to Amend Complaint

Rogers seeks to amend his complaint to assert a claim for civil conspiracy against Vista. Defendants respond that the proposed amended complaint should be denied on the basis of futility. After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse party. *See* Fed.R.Civ.P. 15(a). Leave of the court shall be freely granted when justice so requires. *See id.* However, if the court determines there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *See Foman v. Davis*, 371 U.S. 178 (1962).

Defendants do not assert that the Motion to Amend should be denied on the basis of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies or undue prejudice. Instead,

Defendants argue that the Motion should be denied solely on the basis of futility. A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F. 2d 916, 920 (10th Cir.1992). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). An amendment is futile if the proposed amended complaint would not survive either a motion to dismiss or a motion for summary judgment. *See Bauchman v. West High Sch.,* 132 F. 3d 542, 562 (10th Cir. 1997); *Wilson v. American Trans Air, Inc.*, 874 F. 2d 386, 392 (7th Cir. 1989). Unless a proposed amendment is clearly futile, conjecture about the merits of the amendment should not enter the decision of whether the grant leave to amend. *See Davis v. Piper Aircraft Corp.*, 615 F. 2d 606, 613 (4th Cir. 1980) Accordingly, I will review Plaintiff's proposed new claim solely to determine if action on it would be futile.

Defendants argue that the proposed amended complaint is futile because civil conspiracy would not add a substantive claim. The elements of civil conspiracy are (1) a conspiracy existed; (2) wrongful acts were done pursuant to that conspiracy; and (3) damages resulted from the acts. *See Las Luminarias of the New Mexico Council for the Blind v. Isengard*, 92 N.M. 297, 300, 587 P. 2d 444, 447 (Ct. App. 1978). "Civil conspiracy is not itself actionable; the gist of the action is the damage arising from the acts done pursuant to the conspiracy." *Id.; see also Barber's Supermarkets, Inc. v. Stryker*, 84 N.M. at 186, 500 P. 2d at 1309. A civil conspiracy action is for damages caused by acts committed pursuant to a formed conspiracy, rather than for the conspiracy itself. *See Armijo v. National Surety Corp.*, 58 N.M. 166, 268 P. 2d 339 (1954). In his original complaint, Plaintiff alleged constructive fraud and negligent misrepresentation against Vista. He now seeks to add a

11

claim for civil conspiracy against Vista, which would appear to overlap with his claim for fraud against Boldt. As such, a claim for civil conspiracy against Vista would add nothing of substance to this lawsuit.

However, Plaintiff has been granted leave to file an amended complaint in order to comply with the requirements of Rule 9(b). Plaintiff may attempt to allege a claim for civil conspiracy, for fraud, for breach of fiduciary duty, or for any theory against Vista in anyway not inconsistent with this Memorandum Opinion and Order, within twenty days.

**WHEREFORE,**

**IT IS ORDERED** that Defendants Boldt and Lohses' Memorandum in Support of Defense Raised in Answer for Failure to State a Cause of Action (Doc. 26), filed June 14, 2000, herein construed as a motion to dismiss, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's application for the equitable remedy of reformation is dismissed for failure to plead an inadequate remedy at law and a serious risk of irreparable harm. Plaintiff's claims of fraud and constructive fraud are dismissed for failure to comply with Rule 9(b). Plaintiff is granted twenty days in which to file an amended complaint to allege the prerequisites for equitable relief and to comply with the requirements of Rules 9(b) and11. Defendants Boldt and Lohses' motion to dismiss is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Vista's Memorandum Brief in Support of Rule 12(b)(6) Defense Raised in Answer (Doc. 34), filed July 17, 2000, herein construed as a motion to dismiss, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's first, fourth, fifth, sixth, and seventh claims for relief are dismissed as to Vista. Plaintiff's claim against Vista for constructive fraud is dismissed for failure to comply with Rule 9(b). Plaintiff is granted twenty days in which to

file an amended complaint to comply with the requirements of Rules 9(b) and 11. Defendant Vista's motion to dismiss is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 28), filed July 3, 2000, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may attempt to allege a claim for civil conspiracy, for fraud, for breach of fiduciary duty, or for any theory against Vista in anyway not inconsistent with this Memorandum Opinion and Order, within twenty days. Plaintiff's Motion to Amend Complaint is otherwise **DENIED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**